```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X
                                     :
BLACKWATER SECURITY CONSULTING, LLC and :
FIDELITY & CASUALTY COMPANY OF NEW   :
YORK/CNA INTERNATIONAL,              :
                                     :
               Plaintiffs/Petitioners, :      Case No.
                                     :        07-cv-5565 (RJH)
          v.                         :
                                     :        ECF Case
PATRICIA IRBY (on behalf of the minor :
children of STEPHEN S. HELVENSTON,    :
deceased), JUNE BATALONA (widow of WESLEY :
BATALONA), and DIRECTOR, OFFICE OF   :
WORKERS' COMPENSATION PROGRAMS, UNITED :
STATES DEPARTMENT OF LABOR,          :
                                     :
               Defendants/Respondents. :
                                     :
-------------------------------------X
```

## COMPLAINT/PETITION FOR REVIEW

Plaintiffs/Petitioners, Blackwater Security Consulting, LLC and Fidelity & Casualty Company of New York/CNA International, through the allegations in this pleading that are set forth below, respectfully petition the Court for review of the Decision and Order of the Benefits Review Board in the matter bearing the caption <u>Patricia Irby (on behalf of the minor children of Stephen S. Helvenston, deceased) v. Blackwater</u>

<u>Security Consulting, LLC and Fidelity and Casualty Company of New York/CNA International; June Batalona (widow of Wesley Batalona) v. Blackwater Security Consulting, LLC and Fidelity and Casualty Company of New York/CNA International</u>, BRB Nos. 06-0655 and 06-0655A; 06-0656 and 06-0656A, issued on April 25, 2007, in connection with claims filed pursuant to the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 901, <u>et</u> <u>seq</u>., as extended by the Defense Base Act, 42 U.S.C. § 1651, <u>et</u> <u>seq</u>.

**PARTIES**

1.   Plaintiff/Petitioner Blackwater Security Consulting, LLC ("Employer") is a corporation duly organized and existing under the laws of the state of Delaware, having its principal place of business in Moyock, North Carolina.

2.   Plaintiff/Petitioner Fidelity & Casualty Company of New York/CNA International ("Carrier") is a corporation duly organized and existing under the laws of the state of Illinois, having its principal place of business in Chicago, Illinois.

3. Upon information and belief, Defendant/Respondent Patricia Irby ("Irby") is an individual residing in the state of Virginia.

4. Upon information and belief, Defendant/Respondent June Batalona ("Batalona") is an individual residing in the state of Hawaii.

5. Defendant/Respondent Director, Office of Workers' Compensation Programs, United States Department of Labor is an administrator in the agency whose action is the subject of this pleading.

## FACTUAL BACKGROUND

6. This case arises out of claims for death benefits by Irby and Batalona (together, "Claimants") against Employer under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, et seq., as extended by the Defense Base Act ("DBA"), 42 U.S.C. § 1651, et seq.

7. Carrier provided to Employer insurance coverage for Claimants' claims under a DBA insurance policy.

8. On March 31, 2004, Stephen S. Helvenston and Wesley Batalona, along with Michael Teague and Jerko Zovko, were killed by insurgents while working for Employer in Iraq.

9. Employer – through Carrier – has furnished death benefits to Claimants under the DBA.

10. Employer/Carrier withdrew controversion of all issues of law or fact with respect to Claimants' claims.

11. Despite this withdrawal of controversion, compensation orders have not been issued by the District Director of the Office of Workers' Compensation Programs, and Claimants' claims were forced to the Office of Administrative Law Judges.

12. As part of their efforts to delay the entry of compensation orders, Claimants filed motions to withdraw their claims.

13. On April 21, 2006, Administrative Law Judge ("ALJ") William Dorsey issued his denial of Irby's motion to

withdraw, and on April 24, 2006, issued his denial of Batalona's motion to withdraw.

14. In both of these denials, ALJ Dorsey stated that the motions to withdraw were improper as they were not in the Claimants' best interests and were not for a proper purpose.

15. ALJ Dorsey also refused to enter compensation orders pursuant to the withdrawal of controversion, retained jurisdiction over the claims in lieu of remanding them to the District Director, and determined that no conflict of interest arose from Claimants' counsel's pursuit of a withdrawal of Claimants' claims while simultaneously representing the parties in a tort lawsuit in North Carolina state court.

16. These denials, as well as the denial of Employer/Carrier's motion for reconsideration, were appealed to the Benefits Review Board ("BRB") of the United States Department of Labor.

17. In a Decision and Order dated April 25, 2007, the BRB affirmed ALJ Dorsey's refusal to enter compensation orders and his decision not to remand the claims to the District Director.

18. In addition, in affirming ALJ Dorsey's denials of the motions to withdraw, the BRB agreed that the withdrawals were not in Claimants' best interests, but found that ALJ Dorsey erred in finding that the withdrawals were not for a proper purpose.

19. The BRB also determined that ALJ Dorsey had rationally found that there was no conflict of interest in Claimants' counsel's representation of the parties in the claims pursuant to the DBA as well as in the North Carolina tort lawsuit.

20. The Decision and Order of the BRB is an order from which an appeal may be taken.

21. In addition to the instant Complaint/Petition for Review, the Decision and Order of the BRB has been appealed by Plaintiffs/Petitioners to the United States Court of Appeals for the Second Circuit. As the law in the Second Circuit is not yet settled as to whether a party seeking to appeal a decision under the DBA should file in the relevant District Court or the relevant Circuit Court, Plaintiffs/Petitioners have appealed the

Decision and Order of the BRB in both courts so as to safeguard their appeal rights.

## JURISDICTION AND VENUE

22. This Court has jurisdiction over this action under 42 U.S.C. § 1653(b) in that judicial proceedings provided for in Section 21(c) of the LHWCA are being requested in respect to the Decision and Order of the BRB dated April 25, 2007.

23. Venue is proper under 42 U.S.C. § 1653(b) in that the office of the District Director of the Office of Workers' Compensation Programs of the United States Department of Labor from which the underlying claims originated located within the judicial district encompassed by this Court.

## SUBSTANTIVE ISSUES PRESENTED FOR REVIEW

24. The BRB erred in affirming ALJ Dorsey's refusal to enter compensation orders and in affirming ALJ Dorsey's decision not to remand these claims to the District Director.

25. The BRB correctly affirmed the denial of Claimants' motions to withdraw, but in so doing, erred in finding that the motions to withdraw were for a proper purpose.

26. The BRB also erred in determining that ALJ Dorsey rationally found no conflict of interest in Claimants' counsel's representation of the parties in the claims pursuant to the DBA as well as in the North Carolina tort lawsuit.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs/Petitioners Blackwater Security Consulting, LLC and Fidelity & Casualty Company of New York/CNA International respectfully pray that this Court reverse the portions of the Decision and Order of the BRB dated April 25, 2007 that affirmed ALJ Dorsey's refusal to enter compensation orders and his decision not to remand the claims to the District Director.  Plaintiffs/Petitioners also pray that this Court affirm the denial of Claimants' motions to withdraw, but only to the extent that the determination that the withdrawals are not in Claimants' best interests is affirmed and the determination that the motions to withdraw were for a proper purpose is reversed.  Finally, Plaintiffs/Petitioners request that this

Court reverse the BRB's determination that the ALJ Dorsey rationally found no conflict of interest with respect to Claimants' counsel's representation of the parties in the claims pursuant to the DBA as well as in the North Carolina tort lawsuit.

Dated:  New York, New York
        June 11, 2007

                      FLICKER, GARELICK & ASSOCIATES, LLP
                      Attorneys for Plaintiffs/Petitioners

By:  _____/s/_____
     Keith L. Flicker (KF-6447)
     45 Broadway
     New York, New York 10006
     (212) 319-5240